IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED
JUN 1 1 2007
10:23 am
CLERK, US DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| JUNE A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:07cv264 |
| ) | |
| PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA, a corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF REMOVAL

The Defendant, Prudential Insurance Company of America ("Prudential"), through counsel, pursuant to 28 U.S.C. §1446, respectfully petitions for the removal of this action from the Circuit Court of the City of Norfolk to the United States District Court for the Eastern District of Virginia, Norfolk Division. In support of this petition, Prudential respectfully states the following:

1. The Plaintiff, June A. Johnson, has commenced an action against the above-named Defendant in the Circuit Court of City of Norfolk styled *June A. Johnson v. Prudential Insurance Company of America*, At Law No. CL07-2962. Plaintiff's "Motion for Judgment" apparently alleges breach of a disability insurance contract that falls under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 101 *et seq.* ("ERISA"). Copies of the Summons, "Motion for Judgment" and plaintiff's first set of requests for production of documents, which represent the only process, pleading, and/or order with which Prudential has been served in this matter, accompany this Notice.

2. Removal of At Law No. CL07-2962 from Circuit Court of the City of Norfolk to

this Honorable Court is appropriate under 28 U.S.C. § 1446 because this Court has original jurisdiction of the claims set forth in the Complaint under 29 U.S.C. § 1132(a)(1)(B). Prudential is, therefore, entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441(b). In compliance with 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty (30) days after service of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based.

3. The insurance contract at issue underwrote benefits provided to Plaintiff through an employee disability plan. If viewed as a state cause of action, Plaintiff's claims therefore relate to an employee benefit plan, as defined by ERISA, and therefore, is pre-empted under Section 514(a) of ERISA (29 U.S.C. § 1444(a)) and displaced by the ERISA civil enforcement provision, Section 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B) (see *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41 (1987)).

4. Service of the Summons and "Motion for Judgment" upon Prudential was on or around May 22, 2007. This Notice is, therefore, timely. *See* 28 U.S.C. §1446(b).

WHEREFORE, the Defendant, Prudential Insurance Company of America, respectfully requests that At Law No. CL07-2962 be removed from the Circuit Court of the City of Norfolk to this Honorable Court for trial and determination.

- 3 -

                              PRUDENTIAL INSURANCE COMPANY OF AMERICA
                              By Counsel

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

_____/s/ William A. Hume_____
Walter L. Williams, Esquire (VSB #39037)
Kathryn A. Grace, Esquire (VSB #71213)
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300 (telephone)
(703) 245-9301 (facsimile)
Kathryn.Grace@WilsonElser.com
*Counsel for Defendant Prudential Insurance Company of America*

Dated: June 8, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing Notice of Removal was mailed, postage prepaid, this 8th day of June, 2007 to:

>Albert C. Selkin, Esquire  (*via facsimile and mail*)
>WHITE AND SELKIN
>Norfolk Commerce Center III
>5425 Robin Hood Road, Ste. 200
>Norfolk, Virginia 23513
>Tel: (757) 853-9386
>Fax: (804) 858-2907
>
>George E. Schaefer, Clerk
>Circuit Court of the City of Norfolk
>100 St Paul's Boulevard
>Norfolk, Virginia 23510
>Tel: 757-664-4000

*[signature]*

Walter L. Williams, Esquire (VSB #39037)
Kathryn A. Grace, Esquire (VSB #71213)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 Fax
Kathryn.Grace@WilsonElser.com
*Counsel for the Defendant Prudential Insurance Company of America*

66320.1

VIRGINIA:   IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

JUNE A. JOHNSON,

    Plaintiff,

v.                                        Case No._____

PRUDENTIAL INSURANCE COMPANY
OF AMERICA, a corporation,

Serve: CT Corporation Systems
       4701 Cox Road, Ste. 301
       Glen Allen, VA 23060

    Defendant.

## MOTION FOR JUDGMENT

Plaintiff, June A. Johnson, moves for judgment and award of execution against the Defendant, for the following:

1. Plaintiff, by virtue of her employment with Sentara Healthcare (Employer) is insured by a group disability policy covering long-term and short-term disability periods of injury and sickness.

2. The group policy number is G-42173, claim number 10799840.

3. Plaintiff was covered by this disability policy when employed by employer until, after over two years of coping with hypertension, she became totally disabled and unable to perform the essential duties of this and any other job on 01/16/05, due to debilitating Hypertension, which caused Plaintiff to be very weak, unable to think clearly, dizzy, confined to her home, unable to perform her work.

4. Plaintiff was born on May 23, 1952 and is presently 54 years of age.

5.      Until Plaintiff became disabled she was a full-time employee, working as a service associate doing housekeeping duties for employer.

6.      Plaintiff's second request for reconsideration was denied by letter of Defendant to her dated 03/15/06.

7.      Plaintiff was receiving $307.00 weekly until terminated on 01/16/05.

8.      Defendant abused its discretion by failing to inquire of her physicians the nature and extent of her disability. Had the Defendant done so, it would have received Dr. Maher's narrative opinion of 09/13/06.

9.      Plaintiff brings this suit for such disability amounts which, at the present time, amounts to $1500.00 per month times 24 months to date, which equals $36,000.00 and for the policy term, and for reasonable attorney's fees and costs.

WHEREFORE, Plaintiff brings this motion for judgment against Defendant.

_____
JUNE A. JOHNSON

Albert C. Selkin, Esquire
WHITE AND SELKIN
VSB# 4317
Norfolk Commerce Center III
5425 Robin Hood Road, Ste. 200
Norfolk, VA 23513
(757) 853-9386
Attorney for Plaintiff

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process Transmittal**
05/23/2007
Log Number 512246956

**TO:** Christine Gillen
The Prudential Insurance Company of America
Legal Department, 751 Broad St, 4th Floor
Newark, NJ, 07102

**RE:** Process Served in Virginia

**FOR:** The Prudential Insurance Company of America (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | June A. Johnson, Pltf. vs. Prudential Insurance Company of America, etc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Motion, Letter, Request for Production |
| **COURT/AGENCY:** | Norfolk Circuit Court, Va<br>Case # 710CL070029262-00 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy Benefits: Policy benefits claimed for long-term and short-term disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/22/2007 at 09:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | Albert C. Selkin<br>White and Selkin<br>5425 Robin Hood Road, Suite 200<br>Norfolk, VA, 23513<br>(757) 853-9386 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight, 790745597281<br>Email Notification, Legal Process Unit legal.process.unit@prudential.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Emmett Hickam<br>4701 Cox Road<br>Suite 301<br>Glen Allen, VA, 23060 |
| **TELEPHONE:** | 804-217-7255 |

Page 1 of 1 / TB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.



Norfolk Circuit Court
Civil Division
100 St. Paul's Blvd
Norfolk, va 23510
757 664 4387

Summons

To:   PRUDENTIAL INSURANCE COMPANY                    Case number:  710CL07002962-00
      C/O CT CORPORATION SYSTEMS
      4701 COX ROAD
      SUITE 301
      GLEN ALLEN,VA 23060

The party upon whom this Summons and the attached Complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this Subpoena.

Done in the name of the Commonwealth of Virginia on,  Tuesday, May 15, 2007.


Clerk of Court: George E. Schaefer

                              By: _____
                                        (Clerk/Deputy Clerk)


    Instructions:


Attorney's name:  ALBERT C. SELKIN
                  757-853-9386

VIRGINIA:   IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

JUNE A. JOHNSON,

    Plaintiff,

v.                                                                     Case No. _____

PRUDENTIAL INSURANCE COMPANY
OF AMERICA, a corporation,

    Defendant.

## REQUEST FOR PRODUCTION

NOW COMES the Plaintiff, by counsel, and propounds the following Request for Production to the Defendant, pursuant to the Rules of the Supreme Court of Virginia.

In answering these Request for Production, furnish all information which is available to or obtainable upon reasonable inquiry, including but not limited to, information available to or obtainable upon reasonable inquiry by your attorneys, agents, representatives or other in any way acting in your behalf.

If you cannot answer each Request for Production in full after exercising due diligence to secure the information required to answer, so state, and answer to the extent possible, specifying the reason for your inability to answer the remainder in full.

## PRELIMINARY STATEMENT

A.    These Request for Productions are continuing in nature as provided in Rule 4:91 of the Supreme Court of Virginia to require the filing of supplemental answers and responses without further requests should additional information, or information inconsistent with the information contained in the answers and responses to these Request for

Productions become available to the party to whom these are directed.

B.  Where the name of a person or entity is requested, indicate the full name, business, firm, business and home address, and business and home telephone number, if applicable.

C.  Unless otherwise indicated, these requests refer to the time, place and circumstances mentioned in the pleading.

D.  Where information or knowledge in the possession of a party is requested, such request includes knowledge of party's agents, employees and, unless privileged, the party's attorneys.

E.  The words you, your or yourself, or Plaintiff refer to Lorraine Kovach or any person acting on your behalf, and the persons and/or entities mentioned in clause hereinabove.

F.  Document or documents mean all written, printed, typed or other graphic matter in your possession, custody or control, whether or not prepared by you. Document or documents include, but are not limited to, all arguments, memoranda, reports, notes, diaries, calendars, internal communications, inter-office communications, telegrams, letters, data, minutes, and summaries of meetings, conversations or communications of any type, including telephone conversations. Document or documents also include all copies which are not identical with the original.

G.  Communication or communications mean all oral, visual or other sensory means of transmitting information, messages or statements.

H.  Identity, when used in reference to a document, means state: the date and title of the document; the author or person or persons who prepared it; the type of document;

its present location and custodian, a summary of its principal purpose or provisions, the subject matter thereof; if a contract or agreement, the parties thereto, the dates of all modifications and amendments, and the date, if any, upon which it was terminated. In lieu of stating the foregoing, a document may be identified by the production of a true and complete copy thereof. If the document was, but is no longer in your possession, custody or control, state what disposition was made of it.

I. Identify, when used in reference to an individual, means state his/her full name and present address, his/her present or last known position and business affiliation, his/her home and business telephone number, and his/her position and business affiliation during the time in question.

J. Identify, when used in reference to a corporation, partnership or other business concern, location or facility, means state its full name and present business address.

K. Identify, when used in reference to an act, transaction, action, or instance, means state: the date and time when it occurred, the place where it occurred, the identity of each person participating therein on whose behalf each said person participated or purported to participate, the nature, subject matter, and all circumstances surrounding it and the nature and substance of all communications occurring during or in connection with it.

L. Identify, when used in reference to a communication, mean state: the date, time and place at which it was transmitted and received, the parties who transmitted and received and the individuals acting on their behalf, the method of communication.

## Request for Production of Documents

1. Group Insurance policy set forth in motion for judgment.

2. All correspondence and documentation regarding this claim and reconsideration received from:

   (a) all health care providers;

   (b) Plaintiff;

   (c) consulting health care experts and consultants.

3. All written court decisions regarding health care group policies in which Prudential (Defendant) was a party in the last 10 years and their citations.

JUNE A. JOHNSON,

By _____
Of Counsel

Albert C. Selkin, Esquire
VSB# 4317
WHITE AND SELKIN
Norfolk Commerce Center III
5425 Robin Hood Road, Ste. 200
Norfolk, VA 23513
(757) 853-9386
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Request for Production were mailed this 14th day of May, 2007 to the following:

PRUDENTIAL INSURANCE COMPANY
OF AMERICA, a corporation,
c/o CT Corporation Systems
4701 Cox Road, Ste. 301
Glen Allen, VA 23060

_____